In the Matter of the Final Judicial Settlement of the Account of MARY M. KNEESKERN, as Administratrix, etc., of MAGGIE K. SMITH, Deceased, Executrix under the Last Will and Testament of JONAS S. SMITH, Deceased.— Motion to amend decision denied, with ten dollars costs. McNamee, J., not sitting.

JOHN LEE STARK, Respondent, v. COMPANIA INDUSTRIAL EL POTOSI, S. A., Appellant, and HOWE SOUND COMPANY, INC.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. McNamee, J., not sitting.

In the Matter of Probate of Heirship in Administration of the Estate of IDA M. HALL, Deceased.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. McNamee, J., not sitting.

KATIE SHERLOCK, as Administratrix, etc., of JOHN SHERLOCK, Deceased, Respondent, v. JOSEPH J. HOY, JR., Appellant, and Others.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. McNamee, J., not sitting.

JOSEPH LAVINE, as Administrator, etc., of HENRY J. LAVINE, Deceased, Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant. — Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. McNamee, J., not sitting.

EMMA R. STALEY, Respondent, v. GREELEY SQUARE HOTEL Co., INC., Appellant. — Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. McNamee, J., not sitting.

In the Matter of the Application of GEORGE OLIVER to Compel a Recanvass of Returns of the General Election Held on the 3d Day of November, 1931, of the Ballots Cast for the Office of Supervisor of the Town of Summit, Schoharie County, New York.— Order amended by inserting therein " with costs to the appellant." McNamee, J., not sitting.

## FOURTH DEPARTMENT, JANUARY, 1932.

In the Matter of the Application of NELSON H. WELCH for an Order of Certiorari against CHARLES E. ROESCH, Mayor of the City of Buffalo, and Others.— Certiorari order dismissed and determination of board confirmed, without costs. We reach the conclusion that there was evidence which, if believed, justified the board in its findings, and while there was substantial evidence to the contrary, we cannot say that the findings were against the weight of the evidence. These are the only matters before us, for the law gives us no jurisdiction to revise the extreme disciplinary measure imposed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.